Horn, Administratrix, Respondent, vs. Snow White Laundry & Dry Cleaning Company and others, Appellants.

*March 12—April 7, 1942.*

For the appellants there were briefs by *Dougherty, Arnold & Kivett,* and oral argument by *M. H. Keelan,* all of Milwaukee.

For the respondent there was a brief by *Hayes & Hayes,* attorneys, and *William A. Hayes* of counsel, all of Milwaukee, and oral argument by *William A. Hayes.*

FOWLER, J.   This case was on the day calendar of March 12, 1942.   The clerk's minutes recite that when the case was called the respondent moved to strike the bill of exceptions. The record shows that judgment in favor of the plaintiff was entered July 7, 1941, and that notice of entry thereof was served upon the defendants' counsel on July 18, 1941.   It also shows that the bill of exceptions was signed by the circuit judge on December 5, 1941.

Sec. 270.47, Stats., provides that service of a proposed bill of exceptions shall be made within ninety days from the service of notice of entry of judgment.   An affidavit of Michael Keelan is in the record that recites that he served the proposed bill of exceptions upon respondent's counsel within ninety days from July 18, 1941, but it does not give the date of service.   This affidavit was made on December 1, 1941, and was filed with the clerk of the circuit court on December 2, 1941.   There is also in the record a paper entitled "Written Objections to Proposed Bill of Exceptions," dated October 31, 1941, that was served by respondent's counsel on appellants' counsel on that date.   This recites among others as "reason for" objection to the settlement of any bill of exceptions, "because defendants failed to serve upon plaintiff a proposed bill of exceptions as provided by R. S. 270.47."   There is no affidavit or other proof in the record in behalf of plaintiff stating the date of the service of the proposed bill or denying that it was served within ninety days from July 18th.   There is in the record a stipulation signed by respondent's counsel and counsel for the appellants, dated December 5, 1941, the date the bill was signed by the trial judge, that recites "that the . . . foregoing is the bill of exceptions . . . subject to objections dated and served October 31, 1941, and that the same may, without further notice be . . . signed by [the trial

judge] as the bill of exceptions in this case." In the face of this stipulation we do not perceive that the respondent is entitled to strike the bill. But for it we might perhaps hold that the bald statement of Keelan that the proposed bill was served within ninety days was insufficient to show timely service for want of giving a specific date of service. But Keelan's affidavit also states that no proposed amendments to the proposed bill of exceptions were served, and sec. 270.44 provides that in case no amendments are served within ten days from service of the proposed bill the proposed bill shall be taken as agreed to and may be signed by the judge without notice to the adverse party on proof made of its service and that no amendments have been served. Respondent's counsel's objections indicate that a proposed bill was served. If it was deficient in substance he should have proposed amendments. Not having served proposed amendments he accepted it. He did not by not serving amendments admit that it was served within ninety days from service of notice of entry of judgment, but if this was not the fact he should have produced evidence that it was not so served, and should not have stipulated that it might be signed by the judge without notice.

Counsel also objects that the case and briefs of appellants were not timely filed, and the record shows that this is true. But this does not entitle him to strike the bill of exceptions or to any other relief than that afforded by Rule 46, which entitles the adverse party to a continuance and $25 costs if he demands it. The respondent did not demand a continuance. The extent of the relief to her in this situation is allowance of $25 extra costs if she prevails, or deduction of that amount from the costs of the appellants if they prevail. The allowance or disallowance of the penalty is to be made by the clerk upon taxation of the costs. The default of counsel for the appellants in not timely serving case and briefs was a gross violation of Rules 16 and 18 of the court, and of respondent's right to have them in time for a proper preparation of their brief.

The respondent's brief does not respond *seriatim*, to the propositions advanced by appellants' brief, as every respondent's should. The respondent's counsel had no time to prepare such response before the day the case was set for argument, and the absence of such responsive brief seriously handicapped the court in considering the case on the merits. The result of such a default of the appellant always results in giving the respondent a continuance upon payment of $25 costs, which the appellant is often glad to pay for securing delay, or if respondent does not ask for a continuance, in throwing upon the court work which should have been done by respondent's counsel. We regret that our rules are not such as to enable us to dismiss the appeal because of such gross violation of the rules of the court as is here present. Such violations are altogether too frequent and their results are often too serious to be overlooked or to be passed without something being done to discourage like violations.

This brings us to consideration of the case on the merits. The action involves a collision between an automobile driven by the plaintiff and a truck. It is grounded on a charge of negligence by the driver of the truck. The jury found both drivers negligent and that twenty-five per cent of the causal negligence was attributable to the plaintiff and seventy-five per cent to the driver of the truck. It should be noted that the plaintiff who brought the action died before the case came to trial and the action was revived in the name of her administratrix. The original plaintiff is referred to herein as "the plaintiff."

The appellants' contentions in effect are that as matter of law, (1) the negligence of the plaintiff as to speed found by the jury was causal; (2) the plaintiff was causally negligent as to management and control of her car; (3) plaintiff's negligence was as great as that of the driver of the truck and the court should on appellants' motions after verdict have changed the findings of the jury in these respects and rendered judgment for defendants on the corrected verdict; and (4) if this

motion was denied the court should have ordered a new trial because the verdict is perverse.

The collision occurred at the intersection of a city street. The plaintiff was driving north. The truck driven by defendant Singer, as agent of the defendant Laundry Company, was traveling west. The pavement was dry and weather fair. There was a hedge at the southeast corner of the intersection running southeasterly along both sides of a private walk leading from near the sidewalk to the porch of a residence. The hedge is four and a half feet high and at the westerly end the top is cut in the form of a ball, the top of which is five feet four inches high.

(1) The intersection is in a residential section, where at the time of the collision a speed in excess of twenty miles per hour was unlawful. Sec. 85.40 (7), Stats. 1937. While the jury found that the speed was unlawful, they may have so found because they thought the plaintiff was traveling only slightly in excess of twenty miles per hour. The appellants claim that they found that her speed was negligent because the plaintiff's view to the east was obstructed by the hedge and sec. 85.40 (4) provides that in such case the speed must have been such that she could stop within one half the distance that she could see approaching traffic. The only testimony as to plaintiff's speed was that of herself and she testified on adverse examination before trial that she was traveling about twenty miles per hour; would not say that it was exactly twenty; it might have been a little under, possibly a little over; it might have been twenty-one. The plaintiff testified that the hedge was not an obstruction to view. The driver of the truck testified that it was. A civil engineer five feet eight and a half inches tall testified that when he sat in an automobile fifty feet south of the curb line of the east-and-west street and ten feet west of the east curb line of the north-and-south street, the hedge did not interfere with his vision east. The house to which the hedge extended interfered with such vision until

a certain point was reached, but its northwest corner was thirty-two feet back from the north-and-south street and twenty feet back from the east-and-west street. He also demonstrated before the jury by applying his engineer's ruler to a map drawn to scale the distance to which at different points the view was unobstructed by the house. The judge and the jury by order of the court together took a view of the intersection.

In this situation the jury need not necessarily have considered, as claimed by appellants, that their finding that plaintiff's excessive speed was not causal was based upon their conclusion that she could not stop within half the distance that she could see approaching traffic. Their finding that her speed was not causal is tenable only on the theory that she was traveling only a trifle over twenty miles per hour, that her view was not obstructed by the hedge; that twenty-one miles per hour created no more appreciable hazard than twenty miles per hour; that the collision would have occurred just the same had her speed been twenty miles per hour instead of slightly over that; and that the slightly excessive speed therefore did not cause the collision. The trial judge refused to change the answer as to causation and on the theory above stated his ruling was proper. We consider that the finding that plaintiff's speed was not causal should be sustained.

(2) We also consider that the jury's finding that the plaintiff was not negligent as to control and management must be sustained on the theory that doing nothing by way of controlling her car to avoid the collision after she saw the truck was consistent with ordinary care. The plaintiff testified that she did not see the truck until she was within two feet of the south crosswalk. She also testified, and the jury might properly have believed her, in the main, that the truck was then at an alley one hundred fifty feet away, coming very fast, approximately forty, maybe fifty, miles per hour on the north side of the street. The jury may have considered that it was then too

late for the plaintiff to act to control her car so as to avoid a collision. It is true that, taking the plaintiff's statements as to the distances and speeds as stated by her, it would take the truck at least two seconds to reach the plaintiff's path after she saw him, and that in two seconds, the street being thirty feet between curbs, the plaintiff, at least by accelerating, would in two seconds have cleared the truck's path. But manifestly the plaintiff's judgment in these respects could not be precisely correct, and it might by the jury be reasonably so reconciled with the result reached by them as to justify their findings. Reasonable inferences, rather than absolute exactness, is all that can be required of juries.

(3) We also consider that the jury's finding that plaintiff's causal negligence was less than that of the truck driver should be sustained. The jury found that the plaintiff was causally negligent in one respect, as to lookout, and that the truck driver was causally negligent in three respects, as to lookout, speed, and control and management. The truck driver testified that when he saw the plaintiff's car it was fifty to sixty feet from him, probably two houses down the north-and-south street. Upon this testimony and that of the plaintiff as to the speed of the truck and as to where it was when she saw it, the finding of the jury that the truck driver was much more causally negligent than the plaintiff might properly be made and the ratio of three to one need have been based upon the sole consideration that the truck driver's acts of causal negligence found were three and the plaintiff's only one. We cannot hold juries to the use of calipers to evaluate ratios precisely. We must accept rough generalizations rather than fine distinctions. All that was necessary under the comparative-negligence statute, sec. 331.045, to compel dismissal of the complaint was that it be determined that the negligence of the plaintiff was greater than that of the driver of the truck.

(4) The contention as to perverseness of the verdict is based on the findings of the jury that we have indicated were

within the province of the jury to make. They therefore cannot be considered perverse.

*By the Court.*—The judgment of the circuit court is affirmed. The clerk will award the respondent $25 in addition to the items of the taxable costs in this court.